**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**ROGER WOODS**                                                      **PLAINTIFF**

**VS.**                                                      **CAUSE NO. 1:12CV13-M-S**

**MONROE COUNTY, MISSISSIPPI**                                      **DEFENDANT**

**ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANT MONROE COUNTY, MISSISSIPPI**

COME NOW Defendant, Monroe County, Mississippi (hereinafter referred to as "Defendant"), by and through counsel and answers Plaintiff's Complaint as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted against Defendant.

**ANSWER**

Defendant specifically answers the allegations of the Complaint as follows:

Answering the first, unnumbered paragraph of the Complaint, Defendant admits that this is an action to recover damages. Defendant denies any liability for the claims asserted and all remaining allegations in the paragraph, and demands strict proof of the same.

1.

Upon information and belief, Defendant admits the allegations of Paragraph 1.

2.

Defendant admits the allegations of Paragraph 2.

3.

The Complaint does not include a Paragraph 3.

4.

Upon information and belief, Defendant admits the allegations of Paragraph 4.

5.

Defendant admits the allegations of Paragraph 5.

6.

Defendant denies the allegations of Paragraph 6 and demands strict proof of the same.

7.

Defendant admits that, at some point during the stop, Deputy Sloan requested that Woods remove all personal items in his possession and on his person.

8.

In response to Paragraph 8, Defendant admits that Woods complied with the request of Deputy Sloan and handed his wallet. The remaining allegations of Paragraph 8 are denied.

9.

Defendant denies the allegations of Paragraph 9 and demands strict proof of the same.

10.

Defendant denies the allegations of Paragraph 10 and demands strict proof of the same.

11.

Defendant denies the allegations of Paragraph 11 and demands strict proof of the same.

12.

Defendant denies the allegations of Paragraph 12 and demands strict proof of the same.

13.

Defendant denies the allegations of Paragraph 13 and demands strict proof of the same.

Defendant denies all allegations included in the paragraph beginning "**WHEREFORE**

698358

**PREMISES CONSIDERED**" and demands strict proof of the same. Answering further, Defendant states affirmatively that Plaintiff is not entitled to recover any damages against it in any amount whatsoever.

## SECOND DEFENSE

Defendant pleads all applicable statutes of limitation.

## THIRD DEFENSE

Plaintiff's claim against Defendant is barred because Plaintiff failed to exhaust available state court remedies.

## FOURTH DEFENSE

Plaintiff's claims against Defendant are barred by the defenses of waiver and laches.

## FIFTH DEFENSE

Plaintiff's case is barred by the doctrines of collateral estoppel, judicial estoppel and equitable estoppel.

## SIXTH DEFENSE

Plaintiff's case is barred by the Heck v. Humphrey doctrine.

## SEVENTH DEFENSE

Defendant, through its designated employees, acted within the scope of its authority and without bad faith.

## EIGHTH DEFENSE

Any injuries or damages suffered by Plaintiff as a result of the events complained of were caused solely by the reason of the conduct of the Plaintiff and/or others, and all actions of Defendant were, in every sense, lawful, proper and responsible.

698358

3

## NINTH DEFENSE

Defendant has at all times acted reasonably and in good faith, and within the scope of its authority in its dealings with Plaintiff.

## TENTH DEFENSE

Defendant asserts and invokes all defenses available to it as set forth in *Fed. R. Civ. Pro.* 12(b)(1) through 12(b)(7) for which a good faith and legal and/or factual basis exists or may exist in its favor.

## ELEVENTH DEFENSE

To the extent Plaintiff is alleging any state law claims, Defendant pleads all applicable provisions of the *Mississippi Tort Claims Act*, MISS. CODE ANN. §11-46-1, *et. seq.*, including, but not limited to, all applicable statutes of limitations, all exemptions from liability, all jurisdictional prerequisites to suit and no right to a jury trial.

## TWELFTH DEFENSE

Plaintiff's alleged damages were not caused by policy or custom of Monroe County. Therefore, there is no county liability under federal law.

## THIRTEENTH DEFENSE

Defendant reserves the right to assert any additional affirmative defenses depending on any evidence discovered in pursuit of this litigation.

WHEREFORE, Defendant requests judgment in its favor as follows:

(A) That Plaintiff's claims against Defendant be dismissed in its entirety with prejudice, with Plaintiff to take nothing thereby;

(B) That Defendant be awarded costs incurred herein;

(C) That Defendant be awarded reasonable attorneys' fees incurred herein to the full extent permitted by law; and

698358

(D) That Defendant be awarded any other further relief that the Court deems just and proper.

This the 28th day of February, 2012.

s/Berkley N. Huskison (MSB #9582)
*Attorney for Monroe County, Mississippi*

Of Counsel

Mitchell, McNutt & Sams, P.A.
Attorneys at Law
Post Office Box 1366
Columbus, Mississippi 39703-1366
(662) 328-2316

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2012, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Brandon Scott Leslie, Esquire
Shelton & Associates, P.A.
Post Office Box 1362
Tupelo, MS 38802
*brandonleslie500@msn.com*

This the 28 day of February, 2012

s/ Berkley N. Huskison

698358

5