IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**ROGER WOODS**                                                              **PLAINTIFF**

**VS.**                                               **CAUSE NO. 1:12CV13-M-S**

**MONROE COUNTY, MISSISSIPPI**                                **DEFENDANT**

**MEMORANDUM BRIEF IN SUPPORT OF DEFENDANT
MONROE COUNTY, MISSISSIPPI'S MOTION TO DISMISS**

Defendant Monroe County, Mississippi, files this memorandum in support of its Motion to Dismiss.

**INTRODUCTION**

Plaintiff Roger Woods filed an initial suit on May 4, 2010, against Monroe County, Mississippi, and Monroe County Deputy Eric Sloan alleging constitutional violations for illegal forfeiture and theft in regard to $1,224.00 that Woods claimed Deputy Sloan took from his wallet during a traffic stop on or about April 19, 2009. On November 8, 2010, Woods voluntarily dismissed the case against both defendants. On January 19, 2012, Woods then refiled the same complaint with the same claims discussed above against Monroe County only. Woods failed to include any mention in his complaint of a custom or policy of Monroe County that played a part in his alleged constitutional deprivation. Without any mention of a custom or policy of Monroe County in his complaint, this case should be dismissed

**STATEMENT OF FACTS**

Woods alleges that he was stopped by Monroe County deputies when he was with a group of persons on the evening of April 19, 2009. He alleges that Deputy Sloan requested that he exit his vehicle and place his hands on the vehicle. Woods then claims that Deputy Sloan

requested him to remove all personal items in his possession. According to his complaint, Woods gave Deputy Sloan his wallet and other personal belongings at which time, Woods alleges that Deputy Sloan removed $1,224.00 from his wallet. Woods claimed that the cash in his wallet was from a settlement from an insurance claim and that Deputy Sloan's taking of his money amounts to an illegal forfeiture and theft in violation of his constitutional rights. Woods alleges that Monroe County is vicariously liable for the acts of Deputy Sloan undertaken within the course and scope of his employment.

## LAW AND ARGUMENT

**A.  Standard of Review.**

When reviewing a motion to dismiss under Rule 12(b)(6), this Court must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. *Davis v. Ashley Furniture Indus., Inc.*, 2009 WL 605741 *3 (N.D. Miss. March 9, 2009) (citing *Cuvillier v. Sullivan*, 503 F.3d 397, 401 (5th Cir. 2007)). Yet, the plaintiff's factual allegations must be enough to "raise a right of relief above the speculative level … ." *Id.* The complaint must contain something more than a statement of facts that merely creates the suspicion of a legally cognizable right of action. *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562-63 (2007)).

The Court will not accept as true conclusory allegations or legal conclusions masquerading as facts. *Id.* (citing *Kaiser Aluminum and Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982)). The "complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be

introduced at trial." *Id.* (quoting *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995)).

### B. Plaintiff has Failed to Allege that a Policy or Custom of Monroe County Caused the Alleged Deprivation of his Constitutional Rights.

Woods claims that Monroe County is vicariously liable for the acts of Deputy Eric Sloan. (Complaint at ¶ 13). The law does not support such a claim. Woods failed to even allege a policy or custom of Monroe County that may have caused his alleged constitutional violations. Woods has not sued Deputy Sloan. He has only sued Monroe County. Under Section 1983, Monroe County cannot be vicariously liable for the alleged acts or omissions of its employees. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978); *Whitt v. Stephens County*, 529 F.3d 278, 283-84 (5th Cir. 2008). The only way Woods can establish a claim against Monroe County is to prove that a policy or custom of Monroe County caused the deprivation of his constitutional rights. *Pernell v. City of Columbus*, 2010 WL 1737639 *5 (N.D. Miss. April 28, 2010) (citing *Monell* at 694)). Monroe County cannot be liable as a matter of law unless Woods can demonstrate: (1) an official policy or custom of Monroe County, (2) of which Monroe County had knowledge, (3) that is the moving force behind his alleged constitutional violations. *Pernell* at *9 (citing *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002)). For Woods to survive this test, he must allege and prove more than "a single instance of lack of training or supervision causing a violation of constitutional rights." *Id.* (quoting *Burge v. St. Tammany Parrish*, 336 F.3d 363, 370 (5th Cir. 2003)). Rather, he "must generally demonstrate at least a pattern of similar violations that caused a violation of constitutional rights." *Id.* (quoting *Thompson v. Upshur County, Texas*, 245 F.3d 447, 449 (5th Cir. 2001)). An isolated incident is not sufficient to show that a policy or custom exists. *Id.* (citing *Bennett v. City of Slidell*, 728 F.2d 762, 768 N. 3 (5th Cir. 1984)). The

698514

policy must be "persistent, widespread, common, and well-settled." *Brown v. Callahan*, 623 F.3d 249, 256 (5th Cir. 2010).

Woods' complaint does not mention a policy or custom of Monroe County. Moreover, the allegation here as taken from the complaint is for taking money during a legal traffic stop. Even if true, this is nothing more than an isolated incident. Woods has failed to allege that any policy existed within the Monroe County Sheriff's Department that was the moving force behind the alleged constitutional violation. The facts alleged in this complaint fall far shy of a "persistent, widespread, common, and well-settled" policy. Because Woods has failed to allege a policy or custom of Monroe County that was the moving force behind his alleged constitutional violations, this Court should dismiss this case.

## CONCLUSION

For all of the reasons stated above, this Court should dismiss all of Plaintiff Roger Wood's claims against Defendant Monroe County with prejudice.

This the 29th day of August, 2012.

                                                             s/Berkley N. Huskison (MSB #9582)
                                                             *Attorney for Monroe County, Mississippi*

Of Counsel

Mitchell, McNutt & Sams, P.A.
Attorneys at Law
Post Office Box 1366
Columbus, Mississippi 39703-1366
(662) 328-2316 – phone
(662) 328-8035 – facsimile
bhuskison@mitchellmcnutt.com

698514

**CERTIFICATE OF SERVICE**

  I hereby certify that on August 29, 2012, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Richard Shane McLaughlin, Esquire
rsm@mclaughlinlawfirm.com
ecf@mclaughlinlawfirm.com
nhm@mclaughlinlawfirm.com

Amanda Todd Daniels, Esquire
amandastodd@yahoo.com

Brandon S. Leslie, Esquire
Brandon@calljmb.com

  This the 29th day of August, 2012

s/ Berkley N. Huskison

698514