**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**ROGER WOODS**                                                                                **PLAINTIFF**

**VS.**                                                                 **CAUSE NO. 1:12CV13-M-S**

**MONROE COUNTY, MISSISSIPPI**                                        **DEFENDANT**

___

**PLAINTIFF'S MEMORANDUM BRIEF IN RESPONSE
TO DEFENDANT'S MOTION TO DISMISS**
___

      **COMES NOW**, Plaintiff Roger Woods, by and through counsel, and submits his Memorandum Brief in response to Defendant's Motion to Dismiss as follows:

### I. STATEMENT OF FACTS

      The facts alleged in the Complaint are straightforward. Roger Woods alleges that he was a passenger in an automobile that was broken down on the side of a highway in Monroe County on April 19, 2009. (Complaint at ¶ 4). Monroe County Sheriff's Deputy Eric Sloan arrived at the location of the vehicle. (Complaint at ¶ 5). Deputy Sloan ordered Woods out of the vehicle and had him remove all personal items from his possession. (Complaint at ¶ 6-7). Woods handed Deputy Sloan his wallet. (Complaint at ¶ 8). Sloan removed cash in the amount of $1,224 from Woods' wallet. (Complaint at ¶ 9).

      Woods brought this action against Monroe County alleging violation of his Fourth Amendment rights. (Complaint at ¶ 12).

## II. STANDARD OF REVIEW

This Court liberally construes the Complaint in favor of plaintiffs and the well-pleaded factual allegations of the Complaint are accepted as true. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The *Twombly* Court explained that a Complaint must plead enough facts to state a claim for relief that is plausible on its face. *Twombly*, 550 U.S at 556. The Complaint need not plead "detailed factual allegations," but must plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009).

## III. ARGUMENT

Plaintiff concedes that a municipality is not vicariously liable for unconstitutional actions of its employees. *Monell v. Dept. of Soc. Serv.*, 436 U.S. 658, 56 L. Ed. 2d 611, 98 S. Ct. 2018 (1978). In order to prevail against a governmental entity for a constitutional violation Plaintiff must prove that the violation of her constitutional rights was caused by a "custom or policy" of the governmental entity. S*ee, e.g., Williams v. Kaufman County*, 352 F.3d 994, 1013 (5th Cir. 2003). The Fifth Circuit has explained that the following constitute "official policy" for the purposes of section 1983 liability:

> 1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or
>
> 2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority. Actions of officers or employees of a municipality do not render the municipality liable under § 1983 unless they execute official policy as above defined.

*Webster v. Houston*, 735 F.2d 838, 841 (5th Cir. 1984).

The failure to train and supervise police officers may also serve as the basis for section 1983 liability where the failure "amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388-89 (1989). In addition, Plaintiff must establish that such deliberate indifference caused the violation of his constitutional rights. *Burge v. St. Tammany Parish*, 336 F.3d 363, 370 (5th Cir. 2003). The Fifth Circuit has held that proof of deliberate indifference "generally requires that a plaintiff demonstrate at least a pattern of similar violations arising from training that is so clearly inadequate as to be obviously likely to result in a constitutional violation." *Burge*, 336 F.3d at 370.

Woods' Complaint does not expressly plead that Deputy Sloan acted pursuant to a custom or policy of Monroe County in taking Woods' money. However, discovery in this case may well evidence such a custom or policy. For instance, discovery could reveal a pattern of similar violations by Sloan or others in the Department sufficient to amount to a tacit policy for *Monell* purposes.

Defendant's argument is better suited for summary judgment, not dismissal on the face of the Complaint. Accordingly, Defendant's instant motion should be denied.

## IV. CONCLUSION

Accordingly, Plaintiff requests the Court to deny Defendant's Motion to Dismiss and allow this case to proceed through discovery.

**RESPECTFULLY SUBMITTED**, this the 3d day of October, 2012.

                              **MCLAUGHLIN LAW FIRM**

                    By:    <u>/s R. Shane McLaughlin</u>
                           R. Shane McLaughlin (Miss. Bar No. 101185)
                           Nicole H. McLaughlin (Miss. Bar No. 101186)
                           338 North Spring Street, Suite 2
                           P.O. Box 200
                           Tupelo, Mississippi 38802
                           Telephone: (662) 840-5042
                           Facsimile: (662) 840-5043
                           E-mail: rsm@mclaughlinlawfirm.com

                           **ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

I certify that I have this day electronically filed the foregoing document with the Clerk of Court using the ECF system, which sent notification to the following:

**Amanda Todd**
**Shelton & Associates, P.A.**
**P.O. Box 1362**
**Tupelo, MS 38802-1362**
**(662)842-5051/Telephone**
**(662)841-1941/Facsimile**

**Berkley N. Huskison**
**Mitchell, McNutt & Sams, P.A.**
**Post Office Box 1366**
**Columbus, Mississippi 39703-1366**
**(662) 328-2316**
*Attorney for Monroe County, Mississippi*

This, the 3d day of October, 2012.

/s R. Shane McLaughlin